Filed 1/9/14  P. v. Miller CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037246 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1081125) |
| v. | |
| TODD RUSSELL MILLER, | |
| Defendant and Appellant. | |

BY THE COURT:

On page 10, first full paragraph, replace the first sentence that starts with "In addition" with the following:

In addition, defendant was given the opportunity to contest and object to the People's characterization of the money laundering case during his two resentencing hearings.

The petition for rehearing is denied.  There is no change in the judgment.

Dated:_____          _____
                                                                  Premo, J.

_____          _____
            Rushing, P.J.                                          Elia, J.

Filed 12/20/13 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TODD RUSSELL MILLER, <br><br> Defendant and Appellant. | H037246 <br> (Santa Clara County <br> Super. Ct. No. C1081125) |

Defendant Todd Russell Miller pleaded no contest to second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] and admitted allegations of two serious felony strike convictions (§ 1170.12, subd. (c)(1)) and service of two prior prison terms (§ 667.5, subd. (b)). Defendant's sole contention on appeal is that the trial court abused its discretion in denying his *Romero* motion.[2] We reject this contention and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

#### *The Offense*

Since defendant pleaded no contest to the offense, the underlying facts are taken from a probation officer's report, which in turn was based on a report prepared by the San Jose Police Department. On June 29, 2010, defendant entered a Bank of America located on Snell Avenue and gave the teller a demand note. The teller handed him the money, and defendant fled on foot. After his arrest, defendant told the investigating officers that

---

[1] Further unspecified statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

he was "hanging up [his] cleats" and that "this [robbery] was his retirement." Defendant said that prior to the robbery, he told himself that he would "be locked up for life. Why burden society anymore." When asked why he wished to return to prison, defendant responded that "[n]othing out here is worth living for."

### *Sentencing and the Initial* **Romero** *Motion*

On July 1, 2010, the district attorney filed a felony complaint charging defendant with one count of second degree burglary (§§ 211, 212.5, subd. (c)), with allegations that he had served two prior prison terms (§ 667.5, subd. (b)), had been convicted of two prior serious felonies (§ 667, subd. (a)) and had suffered two prior strike convictions (§ 1170.12, subd. (c)(1)).[3]

On November 18, 2010, defendant entered a plea of no contest to the charge of second degree robbery and admitted the two serious felony strike convictions and the two prior prison terms. He filed a *Romero* motion on May 27, 2011, asking that the trial court exercise its discretion and dismiss one of more of his prior strikes. The *Romero* motion discussed defendant's social background, as well as his "biggest challenge," his substance abuse. Defendant also pointed out that he might have an untreated mental health problem. He further argued that although his current offense was defined as a "violent crime," it did not include any acts of physical violence, and that the robbery was a "cry for help," as he was "severely depressed, homeless, and coping [by] using alcohol" at the time. The People opposed the *Romero* motion and argued that it was clear from defendant's prior convictions and criminal history that he was unable to live a sober, stable, or productive life.

---

[3] Both of defendant's prior strikes took place within a week of each other, and were factually similar. The first offense took place on April 8, 1982. That day, defendant entered a Security Pacific Nations Bank location in Los Gatos and gave the teller a demand note. Defendant committed his second strike on April 12, 1982, when he entered a Pacific County Bank location in Santa Cruz and presented the teller with a demand note for money.

During the sentencing hearing on July 28, 2011, the trial court considered and reviewed all of the documents filed by defendant and the People on the *Romero* motion. The court then declined to dismiss either of defendant's two strike priors. The court stated that it believed defendant was a "public safety problem," and had, over the years, left a "trail of people [victims] who won't ever be the same." The court subsequently sentenced defendant to a term of 25 years to life for the robbery conviction, consecutive to a 10-year enhancement for his prior serious felony convictions under section 667, subdivision (a), for a total term of 35 years to life.

### First Request to Recall the Sentence

Defendant's appellate counsel filed a request in the trial court on November 21, 2011, asking it to exercise its authority to recall defendant's sentence pursuant to section 1170, subdivision (d). In the letter, defendant's appellate counsel argued that as set forth in *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*), dismissing one of defendant's prior strikes would result in a sentence that is "not lenient" and can "properly give rise to a conclusion that the defendant may be deemed outside the [Three Strikes] scheme's spirit at least 'in part. . . .' "

The trial court recalled defendant's sentence and conducted a resentencing hearing on December 15, 2011. During the hearing, the People informed the court that defendant had been served with an outstanding warrant on a separate case. The People explained that "[defendant] has been charged [with] conspiracy for credit card fraud, counterfeit credit card fraud where his trust fund at the Santa Clara County jail was used to deposit counterfeit credit card money into, and then he would receive visitors and he would allow some of those funds to be handed out to the co-participants who would come to county jail to visit him. He would release some of his trust funds in Santa Clara County check [*sic*]. That's what the accusations are."

After hearing arguments from both sides, the trial court declined to dismiss either of defendant's prior strikes and sentenced defendant to the term of 35 years to life. The

court reasoned that it had recalled the sentence because it was moved by the letter submitted by defendant's appellate counsel and because it had believed that there was a "cruel-and-unusual-punishment argument" that had not been addressed. The trial court then stated: "[B]y the same token, it is very clear to the Court that the fact that a judge found probable cause to allow a complaint to be filed in a case that is using the county jail facilities to be as a kind of a money laundering machine [*sic*] for the defendant's alleged enterprises is not a favorable factor for this Court to consider. [¶] So, therefore, just the mere allegation of it is enough to taint, as far as this Court's concerned, any decision to recall . . . ."

### *Second Request to Recall the Sentence*

On March 13, 2012, defendant's appellate counsel sent a second letter to the trial court with the "unusual request that the court recall the sentence a second time." The letter stated that defendant's money laundering charges had been dismissed due to insufficient evidence. The trial court recalled defendant's sentence a second time on March 27, 2012.

During the resentencing hearing in June 2012, the People informed the court that the money laundering charges had been dismissed in the interest of justice, not because of insufficient evidence. In response, defendant's counsel argued that the record "that was in place on the date of dismissal is what should stand," and that the court should accept the fact that the charges against defendant were dismissed due to insufficient evidence. The People then urged the court to consider the resentencing issue in light of defendant's original circumstances and to disregard the dismissed charge.

After considering these arguments, the court announced its intention to sentence defendant to same term of 35 years to life. The court reasoned that in its review of the documents associated with the case, it had initially believed that there was a cruel and unusual punishment argument that had not been addressed. However, upon further consideration, the court concluded that the situation presented was not one in which

"cruel and unusual punishment can come to the forefront." In its decision, the court cited to defendant's criminal history and reasoned that defendant had already received opportunities from other judges and the district attorney to work on his substance abuse. The court stated that it was "content at this point having seen the record of the defendant to say that cruel and unusual punishment does not apply."

With respect to the dismissed money laundering charges, the court stated that it had reviewed the case file and that "even though [the charges] were minor in terms of the way it was resolved as to most defendants, some people did go to prison off of it." Additionally, the court concluded that the crime was the type that "takes a great deal of sophistication. And, even though [defendant] was dismissed out of [the case] for whatever reason, the Court still factors that in."

## DISCUSSION

Defendant argues that the trial court abused its discretion by denying his *Romero* motion. We disagree with defendant's contentions and affirm the judgment.

A. *Romero* and Section 1385

*Romero* held that "a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385[, subdivision] (a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) When a trial court decides whether to dismiss a prior strike, it "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the three strikes law] scheme[] . . . in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

The sentencing court can give " 'no weight whatsoever . . . to factors extrinsic to the [Three Strikes] scheme.' [Citation.] On the other hand, the court must accord

'preponderant weight . . . to factors instrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, are prospects.' " (*Garcia*, *supra*, 20 Cal.4th at pp. 498-499, quoting *People v. Williams*, *supra*, 17 Cal.4th at p. 161.)

We review the trial court's denial of defendant's *Romero* motion for abuse of discretion. (*Romero*, *supra*, 13 Cal.4th at p. 504.) Given that the law creates a "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper," a court will abuse its discretion in failing to strike a prior strike only under limited circumstances. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) An abuse of discretion may occur if a court fails to be aware of its discretion to dismiss a prior strike, or if it considered impermissible factors in declining to dismiss. (*Ibid*.)

B.  *The Dismissed Money Laundering Case*

Given the trial court's statements during the sentencing hearing (that it was still going to "factor" the dismissed case into its decision on the *Romero* motion), we conclude that the trial court did rely, at least in part, on the dismissed case. The issue is thus whether the dismissed case was an "impermissible factor" that the trial court should not have taken into consideration.

As defendant himself concedes, trial courts may rely on evidence that is outside the record during sentencing, including convictions of which a defendant has been acquitted, so long as the conduct has been proved by a preponderance of the evidence. (*United States v. Watts* (1997) 519 U.S. 148, 157.) The rationale underlying this practice is that an acquittal simply establishes that there is reasonable doubt with respect to a defendant's guilt. (*People v. Towne* (2008) 44 Cal.4th 63, 86.)

Furthermore, "[a] sentencing judge 'may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or "out-of-court" information relative to the circumstances of the crime and to the convicted person's life

and characteristics.' " (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754.) This includes "prior arrests which did not result in conviction, defendant's criminal history [citation] and raw arrest data [citation], so long as the information is accurate and reliable [citation] and the judge is not misled into believing an arrest to be a conviction." (*People v. Rhines* (1982) 131 Cal.App.3d 498, 509 (*Rhines*); *People v. Gragg* (1989) 216 Cal.App.3d 32, 43 (*Gragg*).) The court may also consider and rely on hearsay statements contained in a probation report, including the police reports used to prepare the crime summaries contained in the report. (*People v. Otto* (2001) 26 Cal.4th 200, 212.)

Here the trial court mentioned during the resentencing hearing that it considered the fact that defendant was charged in the money laundering case. The court did not indicate that it was considering the particular fact that the prosecutor had dismissed the case against defendant in the interest of justice, or that the prosecutor had dismissed the case against him due to insufficient evidence. Rather, the court emphasized during the hearing that it concluded that defendant "was dismissed out of [the case] for whatever reason," that the money laundering scheme took a great deal of sophistication, and that defendant's codefendants in that case had received some prison time from their convictions.[4] Accordingly, there is nothing to support the contention that the trial court considered anything more than the fact that defendant was charged with the crime and that the charges were ultimately dismissed, which was not necessarily an inappropriate factor for it to consider under the circumstances.[5] (*Rhines*, *supra*, 131 Cal.App.3d at p. 509; *Gragg*, *supra*, 216 Cal.App.3d at p. 43.)

---

[4] Defendant insists that the trial court had to rely on the reason for the dismissal of the money laundering charges set forth in the minute order, so it should not have considered the statements made by the People that the charges were dismissed in the interest of justice. However, nothing indicates that the trial court actually relied on the People's characterization of the dismissal.

[5] Additionally, defendant's argument that a trial court necessarily "abuses its discretion when it considers a former criminal charge dismissed for lack of sufficient evidence" is unavailing. Trial courts may properly consider raw arrest data, arrests that

However, defendant asserts that the information the trial court possessed about the money laundering case was inaccurate and unreliable. Defendant characterizes the statement made by the People during the first resentencing hearing as "multiple level hearsay of unspecified origin," the consideration of which warrants reversal of the judgment. He specifically cites two federal cases, *United States v. Weston* (9th Cir. 1971) 448 F.2d 626 (*Weston*) and *United States v. Juwa* (2nd Cir. 2007) 508 F.3d 694 (*Juwa*), as persuasive authority for this contention.

In *Weston*, multiple levels of hearsay from an informant contained in a presentence report implicated Weston as the chief supplier of heroin in the western Washington area. (*Weston*, *supra*, 448 F.2d at p. 628.) The trial court relied on this information when it sentenced Weston. (*Ibid.*) The Ninth Circuit reversed the trial court's judgment, concluding that "a sentence cannot be predicated on information of so little value as that here involved." (*Id*. at p. 634.) The Ninth Circuit distinguished *Weston* from *Williams v. New York* (1949) 337 U.S. 241. In *Williams*, the trial court had sentenced the defendant to death, relying in part on hearsay statements contained in a presentence report implicating defendant in 30 burglaries of which he had not been convicted. The Supreme Court affirmed, finding no violation of the defendant's due process rights. (*Id.* at p. 252.) The Ninth Circuit in *Weston* noted that unlike the defendant in *Williams*, Weston denied the charges and objected to the judge's consideration of the statements during sentencing. (*Weston*, *supra*, at p. 631.)

The Second Circuit decided a case with similar facts in *Juwa*. There, the Second Circuit vacated and remanded a trial court's judgment after it impermissibly concluded that the defendant had committed the criminal acts charged in an indictment during

---

did not result in a conviction, and a defendant's criminal history so long as the information is accurate and reliable, so long as it is not misled into believing the defendant was convicted of any of the crimes. (*Rhines*, *supra*, 131 Cal.App.3d at p. 509.)

sentencing. (*Juwa*, *supra*, 508 F.3d at p. 702.) Both *Weston* and *Juwa* are distinguishable from defendant's case.

During defendant's first resentencing hearing, the People provided a short summary of the money laundering case, claiming that defendant had been charged with "conspiracy for credit card fraud, counterfeit credit card fraud where his trust fund at the Santa Clara County jail was used to deposit counterfeit credit card money into [*sic*], and then he would receive visitors and he would allow some of those funds to be handed out to the co-participants who would come to county jail to visit him. He would release some of his trust funds in Santa Clara County check [*sic*]. That's what the accusations are." This information, unlike the information deemed unreliable in the *Weston* case, was not an unsubstantiated characterization of defendant's criminal history based on hearsay contained within a presentence report. *Juwa* is also inapposite. In *Juwa*, the trial court sentenced the defendant based on its conclusion that the defendant had committed the charges levied against him in the indictment when there was no support for this conclusion. Here, there is no indication from the record that the trial court believed that defendant had engaged in any criminal wrongdoing himself, or that he was actually convicted of any offense in connection with the money laundering case.

In addition, defendant did not contest or object to the People's characterization of the money laundering case during his two resentencing hearings. Therefore, the trial court's consideration and reliance on the information presented by the People during the first resentencing hearing and on the information contained in the money-laundering case file does not render the court's decision-making process fundamentally unfair. (See *People v. Peterson* (1973) 9 Cal.3d 717, 726.)

Lastly, defendant also finds fault with the trial court's statement that the money laundering offense involved a great deal of criminal sophistication. He contends that the trial court could not have meaningfully concluded that he personally engaged in any criminal wrongdoing. We agree; however, his conclusion that the trial court determined

he had engaged in criminal wrongdoing misinterprets the trial court's statement. The trial court stated that it believed *the offense* was the type that "takes a great deal of sophistication." The trial court did not indicate that it believed that the crime involved a great deal of sophistication *on the part of defendant*, and again, there is nothing to demonstrate that the trial court believed defendant was actually guilty of the offense.

In sum, the trial court did not abuse its discretion, as it did not rely on unreliable information and there is nothing that demonstrates it erroneously believed defendant actually committed crime or that he was guilty of the dismissed charge.

C. *Cruel and Unusual Punishment*

Next, defendant contends that the trial court abused its discretion because it incorrectly believed that he was advancing an argument about cruel and unusual punishment, when he was actually urging the court to exercise its discretion under section 1385 since dismissing only one of his prior strikes would still result in a punishment within the Three Strikes scheme.[6] This argument is without merit.

The transcript of the second resentencing hearing indicates that the trial court noted on the record that it had recalled the sentence because it believed a cruel and unusual punishment argument had not been addressed. However, this statement by the trial court does not necessarily imply that it was ignoring defendant's arguments in his recall letters, or that it had not considered the arguments raised in defendant's letters requesting a recall of his sentence.

The general rule is " 'that a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) This rule extends to "judicial exercises of discretion" during sentencing. (*People v. Mosley*

---

[6] Defendant maintained that if a dismissal of one of a defendant's prior strikes results in a sentence that is "not lenient," a court may properly conclude that he or she can be " 'deemed outside the [Three Strikes] scheme's spirit,' at least 'in part . . . .' " (*Garcia*, *supra*, 20 Cal.4th at p. 503.)

(1997) 53 Cal.App.4th 489, 496.)  It is true that the trial court's sentencing must be well informed.  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981.)  A trial court must also " 'consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' "  (*Carmony*, *supra*, 33 Cal.4th at p. 375.)  Contrary to his assertions, defendant has not shown that the trial court was unaware of or did not consider the arguments raised in his recall letters, or that the trial court was unaware of its discretion under *Garcia*.

Furthermore, a court is not required to strike a prior strike under *Garcia* if there are factors present that may justify such a decision.  *Garcia* concluded that it was not an abuse of discretion for a trial court to dismiss a prior strike with respect to one count but not another.  It does not compel a trial court to dismiss a prior strike simply because factors exist that may justify doing so.  The decision to dismiss one or more prior strikes is still discretionary, and there continues to be a strong presumption that sentences that conform to the sentencing norms set forth under the Three Strikes law are both rational and proper.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  The trial court therefore did not abuse its discretion in denying defendant's *Romero* motion.

**DISPOSITION**

The judgment is affirmed.

_____
                                    Premo, J.

WE CONCUR:


_____
        Rushing, P.J.


_____
        Elia, J.